FILED

NOT FOR PUBLICATION

SEP 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50063 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01028-PA-2 |
| v. | |
| RONNIE FEKRAT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 3, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District Judge.[**]

Defendant-Appellant Ronnie Fekrat appeals the district court's imposition of

a thirty-six month sentence of imprisonment after a jury convicted him on one

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, Chicago, sitting by designation.

count of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2), and one count of conspiracy to commit the same, in violation of 18 U.S.C. § 371. Fekrat contends that the district court erred in calculating his loss amount under U.S.S.G. § 2B1.1(b)(1).

We affirm. The district court's "[f]actual findings, including the calculation of the victim's loss, are reviewed for clear error." *United States v. Tulaner*, 512 F.3d 576, 578 (9th Cir. 2008). The court did not clearly err in finding that Fekrat intended to cause losses totaling $1,237,298. *See* U.S.S.G. § 2B1.1 cmt. n.3(A) (noting that "loss is the greater of actual loss or intended loss"). There was ample evidence that Fekrat initiated fraudulent credit card charges in this amount using the electronic merchant terminal of his co-conspirator, Chris Johnson. *See id.* cmt. n.3(F)(i) ("In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges *made with the counterfeit access device or unauthorized access device* and shall be not less than $500 per access device.") (emphasis added). Though American Express rejected many of these charges, intended loss "includes intended pecuniary harm that would have been impossible or unlikely to occur." *Id.* cmt. n.3(A)(ii). Finally, the court's calculation of different loss amounts for Fekrat and Johnson is consistent with evidence tending to show that Johnson's knowledge of the scope and details of the fraudulent scheme was more limited than Fekrat's.

**AFFIRMED.**